CASE 14—PETITION EQUITY—OCTOBER 2.

# M'Dermott, &c., v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

TERMS OF CITY COUNCILMEN.—By section 160 of the State Constitution the terms of members of legislative boards of towns and cities are fixed at two and not four years, and, therefore, the provision of section 2768 of the Kentucky Statutes that members of the general council of cities of the first class "shall hold their office for two years after the election" is not in violation of the constitution.

THOMAS F. HARGIS FOR APPELLANTS.

The members of the Board of Aldermen of the city of Louisville elected in November, 1893, hold their offices for the term of four years. (Constitution of Ky., secs. 148, 160, 167; Cooley's Const. Limit., 5 ed., pp. 49, 68, 69, 70, 73, 78; Pothier on Obligations; Endlich on Interpretation of Statutes, secs. 506-539; Dillon on Mun. Corp., sec. 218; Stevens v. Wyatt, 16 B. M., 548; Louisville v. Higdon, 2 Met., 529.)

LEWIS N. DEMBITZ FOR APPELLEE.

1. Aldermen are elected for a term of two years. (Constitution of Ky., sec. 160.)
2. The new law should be interpreted like the old, except in those parts and features which it was the apparent intent of the lawmakers to change.
3. If there could be any doubt the benefit must be given to the people of the city of Louisville who seek the opportunity of choosing new representatives. (Opinion on "Power of the Governor," 79 Ky., 621; Toney v. Harris, 85 Ky., 453.)
4. The construction contended for by appellee was given to the constitution both by the commissioners appointed to revise the statutes and by the first General Assembly convened after the constitution went into effect, which is strong evidence of the correctness of that construction. (Collins v. Henderson, 11 Bush, 85, 86; Cooley's Const. Limit., pp. 81-86; Edwards' Lessee v. Darby, 12 Wheaton, 206.)

M'Dermott, &c., v. City of Louisville.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

It is agreed by the parties to this appeal that the question for decision is "whether the present board of aldermen and the members thereof in and for the city of Louisville, hold their offices for four years or two years from the November election in 1893, and whether the statutes of Kentucky known as the act of July 1, 1893, and embodied in section 2768 of the Kentucky Statutes, providing that members of the general council of cities of the first class shall hold their office for two years after the election, are constitutional or unconstitutional under the provisions of the present constitution of Kentucky and especially of section 160 thereof."

The court below decided the aldermen held for two years only, that the statute in question was constitutional, and, therefore, dismissed the appellant's petition. So much of section 160 of the constitution, as bears on the question, reads as follows:

"Sec. 160. The Mayor or Chief Executive, Police Judges, members of legislative boards or councils of towns and cities shall be elected by the qualified voters thereof: *Provided*, the Mayor or Chief Executive and Police Judges of the towns of the fourth, fifth and sixth classes may be appointed or elected as provided by law. The terms of office of Mayors or Chief Executive and Police Judges shall be four years, and until their successors shall be qualified; and of members of legislative boards, two years. When any city of the first or second class is divided into wards or districts, members of legislative boards shall be elected at large by the qualified voters of said city, but so selected that an equal proportion thereof shall reside in each of the said wards or districts; but when in any city of

the first, second or third class, there are two legislative boards, the less numerous shall be selected from and elected by the voters at large of said city; but other officers of towns or cities shall be elected by the qualified voters therein, or appointed by the local authorities thereof, as the General Assembly may, by a general law, provide.; but when elected by the voters of a town or city, their terms of office shall be four years, and until their successors shall be qualified."

We doubt if any criticism or comment can make the meaning of this section plainer than it is. Having in the first sentence indicated the electors who 'shall participate in the election of mayors, chief executives, police judges, and members of legislative boards of cities and towns, the second sentence naturally undertook to fix the terms of those officers; and here we find no proviso. The terms of office of "mayors or chief executives and police judges"—not of this or that class, but of all classes—"shall be four years and until their successors shall be qualified;" and of "members of legislative boards"—still of all classes—"two years." Language can not be plainer.

Desiring to further prescribe the manner of electing members of legislative boards in cities of the first, second and third classes, the framers of the section did so in appropriate language. They had now provided for the principal officers, but it was evident that the municipalities would need other officers, such as treasurer, assessor, city-attorney, etc., etc., so they proceeded to say, "but other officers of towns and cities shall be elected by the qualified voters therein, or appointed by the local authorities thereof, as the General Assembly may, by a general law, provide; but when elected by the voters of a town or city, their terms of office shall be four years and until their successors shall be qualified."

We are reminded that under the approved rules of punctuation "clauses which have a common dependence upon another clause should be separated from one another by semi-colons. If the clause upon which they all depend comes at the beginning of the sentence, the clauses should be separated from it by a comma; if it is placed at the end of the sentence, the comma should be followed by a dash." And discovering that the clause, "but when elected by the voters of a town or city, their terms of office shall be four years, and until their successors shall be qualified," is separated from the two preceding clauses by a semi-colon, we are to conclude that this last clause is to reach back in some mysterious way and embrace members of legislative boards of cities, not towns, as among those who are to hold their offices "for four years and until their successors shall be qualified."

The plain and unambiguous meaning of the last two clauses is that these "other officers," that is, other than mayors or chief executives, police judges and members of legislative boards or councils of towns and cities, to-wit: treasurers, assessors, city attorneys, etc., are to be elected by the qualified voters or appointed by the local authorities; but when they are elected by the voters—not appointed by the local authorities—their terms of office shall be four years and until their successors shall be qualified.

If the constitution has failed to provide that these boards shall hold until their successors shall be qualified, it is not the province of the courts to supply the omission or to correct the fault if it be a fault. It is suggested, however, that as the election machinery of the towns and cities is in the hands of these boards, it was well enough not to allow them to hold over. The temptation to neglect to provide for an election is thus withdrawn.

The statute in question is constitutional, and the petition was properly dismissed.

Judgment affirmed, both divisions concurring.